AO 106 (Rev. 04/10) Application for a Search Warrant (Modified: WAWD 10-26-18)

# UNITED STATES DISTRICT COURT
## for the
## Western District of Washington

☐ FILED ☐ LODGED
☐ RECEIVED

Mar 11, 2024

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
Information Associated with a Motor Vehicle Bearing Washington License Plate CEW1877 and Vehicle Identification Number JTENU5JR5P6102885

)
)
)  Case No.  MJ24-5059
)
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A, incorporated herein by reference.

located in the ____Western____ District of ____Washington____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841, 846 | Distribution of and Possession with Intent to Distribute Controlled Substances, Attempt and Conspiracy |

The application is based on these facts:
See Affidavit of DEA Special Agent John Kewley, continued on the attached sheet.

☑ Delayed notice of  90  days (give exact ending date if more than 30 days: 06/06/2024 ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

*Applicant's signature*

John Kewley, Special Agent
*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
● The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date:  03/11/2024

*Judge's signature*

City and state:  Tacoma, Washington         Hon. Grady J. Leupold, United States Magistrate Judge
*Printed name and title*

USAO# 2023R01225

USA-00002631

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR
# A SEARCH WARRANT

STATE OF WASHINGTON   )
                      )   ss
COUNTY OF PIERCE      )

I, John Kewley, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for a search warrant under 18 U.S.C. §§ 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41 for information about the location of a 2023 Toyota 4Runner sport utility vehicle bearing Washington license plate CEW1877 and vehicle identification number ("VIN") JTENU5JR5P6102885 (the "Target Vehicle," also referred to herein as "**TV6**") through its telematics system. The Target Vehicle is owned by Toyota of Puyallup and was rented to Brittni ROBERTS, who I believe to the be the girlfriend of Justin CARNES, as a loaner vehicle while CARNES' personal vehicle is being repaired by Toyota of Puyallup. The Target Vehicle has a telematics system installed for the purpose of enabling Toyota of Puyallup to manage its rental/loaner vehicles. The telematics system provides Toyota of Puyallup access to data concerning its loaner fleet, including location information on the Target Vehicle, which Toyota of Puyallup can access remotely through a computerized system. The Target Vehicle is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841(a)(1) and 846 (distribution of and possession with intent to distribute controlled substances, attempt and conspiracy) have been committed, are being committed, and will be committed by

AFFIDAVIT OF SPECIAL AGENT JOHN KEWLEY - 1
USAO # 2023R01225

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

USA-00002632

CARNES, ROBERTS, and co-conspirators, known and unknown. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations and will lead to information about the identities of other individuals who are engaged in the commission of these offenses and locations used in the commission of these offenses.

## AGENT BACKGROUND

3. I am a Special Agent of the Drug Enforcement Administration (DEA), currently assigned to the DEA Tacoma Resident Office in the Seattle Field Division. I am a criminal investigator of the United States within the definition of 18 U.S.C. § 2510(7) and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21 and Title 18 United States Code.

4. Prior to my employment with the DEA, I worked as an Intelligence and Field Artillery Officer with the United States Army from August 2013 to April 2021. I received formal training at the DEA Basic Agent Training in Quantico, Virginia. The four-month Basic Academy included comprehensive, formalized instruction in, among other things: basic narcotic investigations, drug identification and detection, familiarization with United States narcotics laws, financial investigations and money laundering, identification and seizure of drug-related assets, organized crime investigations, physical and electronic surveillance, and undercover operations.

5. During my law enforcement career, I have been involved in investigations of criminal offenses, including the offenses involved in the current investigation. I have participated in criminal investigations of illicit drug trafficking organizations, ranging from street-level dealers to major dealers, to include Mexico-based drug trafficking organizations. These investigations have also included the unlawful importation, possession with intent to distribute, and distribution of controlled substances; the related laundering of monetary instruments; the conducting of monetary transactions involving the proceeds of specified unlawful activities; and conspiracies associated with criminal

AFFIDAVIT OF SPECIAL AGENT JOHN KEWLEY - 2
USAO # 2023R01225

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

USA-00002633

1  narcotics offenses. These investigations have included use of the following investigative
2  techniques: confidential informants; undercover agents; analysis of pen register, trap and
3  trace, and toll records; physical and electronic surveillance; wiretaps; and the execution
4  of search warrants. Through exposure to these criminal activities and the persons
5  involved, I have gained basic knowledge regarding the various methods, techniques,
6  codes, and/or jargon used by drug traffickers in the course of their criminal activities,
7  including their use of cellular telephones and other electronic devices to facilitate
8  communications while avoiding law enforcement scrutiny. I have participated in and
9  planned the execution of search warrants of locations associated with drug traffickers and
10 their co-conspirators, such as residences, storage facilities, and vehicles. Additionally, I
11 have authored and executed search warrants of various kinds and written reports in the
12 course of investigations. These investigations have resulted in both state and federal
13 prosecutions of individuals who have possessed, imported, or distributed controlled
14 substances, including methamphetamine, heroin, cocaine, suspected fentanyl pills, as well
15 as the seizure of those illegal drugs and the proceeds from their sale.

16      6.      The facts set forth in this Affidavit are based on my own personal
17 knowledge; knowledge obtained from other individuals during my participation in this
18 investigation, including other law enforcement personnel; review of documents and
19 records related to this investigation; communications with others who have personal
20 knowledge of the events and circumstances described herein; and information gained
21 through my training and experience. Because this Affidavit is submitted for the limited
22 purpose of establishing probable cause in support of the application for a search warrant,
23 it does not set forth each and every fact that I or others have learned during the course of
24 this investigation.
25 //
26 //
27

AFFIDAVIT OF SPECIAL AGENT JOHN KEWLEY - 3
USAO # 2023R01225

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

USA-00002634

# PROBABLE CAUSE

## Summary of Investigation of Justin CARNES

7. The United States, including the DEA, FBI, and Pierce County Sherriff's Office (PCSO) and Lakewood Police Department (LPD) is conducting a criminal investigation of Justin CARNES and others regarding possible violations of 21 U.S.C. §§ 841 and 846. Agents of the DEA Tacoma Resident Office (TRO) first learned of CARNES in the summer of 2022 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Agents also found CARNES had multiple felony convictions related to controlled substance violations, attempting to elude, community custody violations, and domestic violence. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Later in the investigation agents also learned of his girlfriend, Brittni ROBERTS. CARNES and ROBERTS are closely tied and have multiple children together. Agents found that ROBERTS has a felony conviction related to controlled substances.

## Investigative Background

8. From approximately February 2023 to June 2023, TRO agents conducted a separate investigation into a separate target of investigation. In June 2023, TRO agents served multiple search warrants on this other target of investigation and seized pound quantities of methamphetamine, fentanyl, a firearm, and thousands of dollars in U.S. currency. Upon searching the target's phone after the search warrants were served, agents uncovered text messages the target had with CARNES on TT14 in which CARNES was discussing supplying the target with pound quantities of methamphetamine.

AFFIDAVIT OF SPECIAL AGENT JOHN KEWLEY - 4
USAO # 2023R01225

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

USA-00002635

### CARNES Arrested in Vancouver, Washington

9. In October 2023, CARNES was arrested by the Cowlitz Tribal Police Department (CTPD) in the Vancouver, Washington area for possession of a stolen vehicle. At the time of arrest, CARNES was renting a hotel room at the Ilani Casino hotel, which is within the boundaries of the Cowlitz Tribal Reservation. CTPD Officers approached CARNES as CARNES was in the hotel parking lot getting into TV4. CARNES ran from officers, who had clearly identified themselves as police based on their uniforms, patrol vehicle with police markings, and verbal warnings identifying themselves as police. CTPD Officers were able to pursue CARNES as he fled across multiple lanes of traffic on Interstate Highway 5 (I-5). After detaining CARNES, officers notified the Ilani hotel staff of CARNES' arrest and the hotel staff sought to evict CARNES from the hotel. Upon evicting CARNES' belongings, pound quantities of suspected methamphetamine and fentanyl were found in the room that he had been staying in.

10. [redacted]

11. Just prior to CARNES' arrest by CTPD Officers, CARNES was seen by CTPD Officers accessing TV4 in the Ilani hotel parking lot. During that time, TV4 was bearing Washington license plate C24357Z, which is the correct license plate for TV4 issued by the WA Department of Licensing.

### Search Warrant in Lakewood, WA

12. In December 2023, Officers of the Lakewood Police Department (LPD) saw a white Silverado in the parking lot of the Western Inn located off South Tacoma Way in Tacoma, Washington. The white Silverado bore a temporary registration tag that

AFFIDAVIT OF SPECIAL AGENT JOHN KEWLEY - 5
USAO # 2023R01225

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

USA-00002636

was for a different make and model vehicle. An LPD Officer checked the Vehicle Identification Number (VIN) of the vehicle in question, which matched TV4's VIN. LPD Officers checked with the hotel staff and found that TV4 was associated with a specific hotel room that had just been rented out a few hours earlier. Officers also found that the room had been rented by someone using a fake driver's license. An LPD Officer looked at the individual pictured on the fake driver's license and identified it as CARNES. CARNES' picture was shown on the driver's license with someone else's name and date of birth.

13. LPD Officers attempted to contact the occupants of the hotel room but were unsuccessful. Upon approaching the rear access door of the hotel room, which opened up directly to outside, officers found that the sliding glass door had been left open. A search warrant was authorized for the room, and the room was searched. Among items seized from the room were a pill press, suspected fentanyl pills, suspected fentanyl powder, and a loaded handgun that had been reported stolen. LPD also seized TV4 for a search warrant. In the following days, TV4 was returned to CARNES and ROBERTS.

**Electronic Surveillance of Target Telephones**

14. In the beginning of January 2024, a DEA agent obtained a warrant from a Pierce County Superior Court Judge for location information and a pen register trap and trace device for two target telephones. One of the phones was believed to be used by CARNES and the other was believed to be used by ROBERTS. Agents began receiving geolocation and pen data on January 9, 2024.

15. Agents saw that both phones were located in Salem, Oregon. During this period, agents also saw that CARNES' phone was in contact with the Mexico phone number ending in ████ ████████████████████████████████████. Between January 10, 2024, and January 20, 2024, CARNES' phone had a total of 55 communications with the Mexico phone number ending in ███, believed to be used by an individual known as "███."

AFFIDAVIT OF SPECIAL AGENT JOHN KEWLEY - 6
USAO # 2023R01225

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

USA-00002637

16. A DEA agent drove past CARNES' and ROBERTS' residence located at 8349 175th Street E, Puyallup, Washington while location information for both target telephones indicated they were in the Salem, Oregon area. The agent did not observe any known target vehicles in the vicinity of the Puyallup residence. A couple days later, electronic surveillance showed both target telephones had moved from the Salem, Oregon, area back to the area of CARNES and ROBERTS' residence in Puyallup. A DEA agent and an LPD Officer drove past the residence again and saw TV4 parked on the street next to the residence, and ROBERTS' Honda Civic (TV5) and **TV6** parked in the driveway.

17. On January 23, 2024, electronic surveillance showed a phone used by CARNES (TT17) leave the area of CARNES' and ROBERTS' residence at around 10:00 p.m. TT17 traveled down I-5 to the Portland, Oregon, area where it stayed approximately 30 minutes. TT17 then traveled back north on I-5 arriving in the Tacoma area around 3:00 a.m. Between 9:24 p.m. and 11:46 p.m., TT17 had 10 communications with a Mexican phone number ending in ▇. An agent deconflicted the phone number in law enforcement databases which showed that this phone number also belonged to ▇. The agent reached out to the DEA office in Salem, Oregon, who said that according to an administrative subpoena served to Apple Inc., the Mexican phone numbers ending in ▇ and ▇ were associated with ▇'s iCloud account.

18. On January 25, 2024, electronic surveillance showed TT17 leave the area of CARNES' and ROBERTS' residence at around 11:00 p.m. TT17 followed a similar pattern as before and traveled down I-5 to the area of Portland, Oregon, stayed approximately 30 minutes, then returned to the Tacoma area around 4:00 a.m.

19. On February 3, 2023, electronic surveillance again showed TT17 leave the area of CARNES' and ROBERTS' residence around 9:30 p.m., travel south to the area pf Portland, Oregon, stay approximately 30 minutes, and return to the Tacoma,

//

AFFIDAVIT OF SPECIAL AGENT JOHN KEWLEY - 7
USAO # 2023R01225

UNITED STATES ATTORNEY
1201 Pacific Ave., Suite 700
Tacoma, Washington 98402
(253) 428-3800

USA-00002638

1  Washington area at around 3:30 a.m. At approximately 6:55 p.m. on February 3, a phone
2  known to be used by ROBERTS (TT16) had one communication with the Mexico
3  number ending in ▇.

4      20.    On February 11, 2024, electronic surveillance showed TT17 leave the area
5  of a residence previously used by CARNES in Kent, Washington, after 10:00 p.m., travel
6  south to the area of Vancouver, Washington, stay approximately three hours, and return
7  to the Tacoma area around 5:00 a.m. TT17 moved around the Tacoma and Spanaway
8  areas for a few hours before returning to the area of the Kent residence at about
9  10:00 a.m.

10      21.    In the middle of February 2024, through toll analysis, a DEA agent
11  identified another target telephone believed to be used by CARNES (TT24). The agent
12  obtained a warrant from a Pierce County Superior Court Judge for location information
13  and a pen register trap and trace device for TT24 and saw that between February 6, 2024,
14  and February 16, 2024, TT24 had 23 communications with the Mexico phone number
15  used by ▇ ending in ▇. Additionally, TT24 had one communication with the
16  Mexico phone number believed to be used by ▇ ending in ▇ on February 11, 2024,
17  at 10:25 p.m.

18  **Surveillance of TV6**

19      22.    On January 26, 2024, electronic surveillance showed TT16 and TT17 away
20  from CARNES' and ROBERTS' residence in Puyallup, Washington. An agent set up
21  surveillance a few minutes away from the residence. As TT16 and TT17 moved toward
22  the residence, the agent saw **TV6** heading toward the residence and saw that CARNES
23  was driving and ROBERTS was in the front passenger's seat. **TV6** continued to drive in
24  the direction of CARNES' and ROBERTS' residence and TT16 and TT17 moved in the
25  same direction.

26      23.    Between January 18, 2024, and January 26, 2024, an agent past by
27  CARNES' and ROBERTS residence several times. Each time, the agent saw that TV4

AFFIDAVIT OF SPECIAL AGENT JOHN KEWLEY - 8
USAO # 2023R01225

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

USA-00002639

1  was parked in the exact same location with the same orientation whereas TV5 and **TV6**
2  were either absent from the residence or appeared to be parked slightly differently from
3  the last time the agent drove by. Additionally, on January 25, 2024, a DEA TFO passed
4  by the residence and saw the hood of TV4 open and an unidentified male working on the
5  engine compartment. Based on these observations, I believe CARNES was primarily
6  driving **TV6** during this timeframe, including when two of the suspected drug pickups in
7  the Portland, Oregon area occurred in January, 2024.

8      24.      On January 23, 2024, United States Magistrate Judge Theresa L. Fricke
9  authorized a tracking warrant for TV4. Agents installed a tracking device on TV4 a few
10 days later. TV4 left CARNES' and ROBERTS' residence on the morning of January 30,
11 2024, and it was later confirmed through surveillance that TV4 was not driven by
12 CARNES or ROBERTS for approximately three weeks from that date; rather, it was
13 being driven by a suspected drug associate of CARNES. This means that CARNES was
14 likely not in possession of TV4 during the two suspected drug pickups he conducted in
15 the Portland, Oregon area in February 2024.

16                                **Intelligence regarding TV6**

17     25.      Toward the end of January, 2024 an agent ran **TV6**'s license plate through
18 the National Law Enforcement Telecommunications System. The agent found through
19 open sources that the address listed on the registration was the same address as a Toyota
20 dealership in Puyallup, Washington. A couple days later, the agent submitted an
21 administrative subpoena to Toyota regarding **TV6.** The agent was placed in contact with
22 SOI 1[1].

23     26.      The agent learned from SOI-1 that **TV6** was a part of Toyota's vehicle fleet
24 and had been on loan to CARNES and ROBERTS since the end of December, 2023. The

---

[1] SOI 1 has provided valuable and reliable information to the DEA for less than one year. SOI 1 provided information regarding TV6. SOI 1 has no criminal history and is not providing information in exchange for monetary compensation, favorable sentencing, immigration benefits, or any other form of compensation. SOI 1 was able to provide information on TV6 based on his/her job position within the Toyota Motor Corporation.

AFFIDAVIT OF SPECIAL AGENT JOHN KEWLEY - 9
USAO # 2023R01225

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

USA-00002640

1  agent knew that according to the Washington Department of Licensing, CARNES and
2  ROBERTS have a 2021 GMC Yukon registered to both of them. The agent learned that
3  this Yukon was being repaired under warranty by Toyota and that during its repair,
4  Toyota was loaning **TV6** to CARNES and ROBERTS. SOI 1 indicated that Toyota was
5  uncertain how long it would be before the Yukon was repaired and that **TV6** was on loan
6  to CARNES and ROBERTS for the foreseeable future.
7        27.    The agent learned from SOI-1 that Toyota uses a telematics system within
8  their vehicle fleet that aids them in keeping track of and managing the fleet. This
9  telematics system, which is already built into the vehicle, allows Toyota to
10 geographically locate the vehicle in real time.
11       28.    Based on my training, experience, and knowledge of this investigation, I
12 believe CARNES rented a room at the Western Inn in Tacoma, Washington in December,
13 2023, for the purpose of manufacturing and distributing controlled substances. I believe
14 when LPD Officers knocked on the front door of the hotel room announcing their
15 presence, that CARNES fled through the rear door of the hotel room. In the days
16 following, based on TT16 and TT17's location data, I believe CARNES and ROBERTS
17 went down to the Salem, Oregon, area for the purpose of evading law enforcement.
18 Based on toll analysis of TT17, I believe CARNES was in consistent contact with his
19 drug source of supply known as ▮▮▮ in order to distribute drugs in the Salem, Oregon,
20 area. I believe ROBERTS was present with CARNES throughout this timeframe and
21 aided in his drug distribution efforts based on her behavior of evading law enforcement
22 alongside CARNES, her history of storing drug supplier contact information in her
23 phone, and TT16's communication history which also showed contact with ▮▮▮. I
24 believe, based on TT17's geo-location and pen register data that in the days following
25 CARNES' and ROBERTS' return to the Tacoma area that CARNES made four separate
26 trips to the Portland, Oregon, area that were likely for the purpose of picking up drugs
27 from someone in ▮▮▮'s drug network. I believe, based on the observations of the target

AFFIDAVIT OF SPECIAL AGENT JOHN KEWLEY - 10
USAO # 2023R01225

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

USA-00002641

1  vehicles previously mentioned, that CARNES was using **TV6** during the suspected drug
2  pickups in Portland.
3        29.   Based on the foregoing, I respectfully submit there is probable cause to
4  believe that CARNES and ROBERTS are using **TV6** in furtherance of drug trafficking,
5  including violations of Title 21 of the United States Code, Sections 841 and 846.
6  Obtaining real time location data of the Target Vehicle through the telematics system in
7  **TV6** is necessary and appropriate to aid the investigation of this drug trafficking
8  organization. This Application is part of an ongoing investigation into DTO members and
9  associates, both known and unknown. "Real time" location data on the Target Vehicle
10 would assist investigators in identifying DTO associates, their residences, and possibly
11 any stash location(s) used to store controlled substances. Using this location data,
12 investigators would also be able to easily locate the Target Vehicle in order to conduct
13 surveillance, which could lead to identifying other co-conspirators and/or sources of
14 supply.

## AUTHORIZATION REQUEST

16       30.   Based on the foregoing, I request that the Court issue the proposed search
17 warrant pursuant to Federal Rule of Criminal Procedure 41.
18       31.   I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of
19 Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to
20 delay notice of the execution of the warrant to the user(s) of the Target Vehicle until 30
21 days after the collection authorized by the warrant has been completed. There is
22 reasonable cause to believe that providing immediate notification of the warrant may
23 have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the
24 user(s) of the Target Vehicle would seriously jeopardize the ongoing investigation, as
25 such a disclosure would give those persons an opportunity to destroy evidence, change
26 patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C.
27 § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the

AFFIDAVIT OF SPECIAL AGENT JOHN KEWLEY - 11
USAO # 2023R01225

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

USA-00002642

warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

32. I further request that the Court direct Toyota of Puyallup to disclose to the government any information described in Attachment B that is in the possession of, custody of, control of, or otherwise remotely accessible to Toyota of Puyallup. I also request that the Court direct Toyota of Puyallup to provide the assistance necessary to accomplish the collection of information described in Attachment B (the "Location Information") timely, securely, and unobtrusively, including by initiating a signal to determine the location of the Target Vehicle at such intervals and times directed by the government, and/or by permitting access by the government to the computerized system used to remotely access such Location Information. The government shall reasonably compensate Toyota of Puyallup for reasonable expenses incurred in furnishing such facilities or assistance.

33. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Vehicle outside of daytime hours.

34. I further request that the Court order that all papers in support of this application, including the affidavit and warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, as well as legal process that seeks the

//
//

AFFIDAVIT OF SPECIAL AGENT JOHN KEWLEY - 12
USAO # 2023R01225

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

USA-00002643


prospective collection of information. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

JOHN KEWLEY, Affiant
Special Agent
Drug Enforcement Administration

The above-named agent provided a sworn statement to the truth of the foregoing affidavit by telephone on 11th day of March, 2024.

THE HON. GRADY J. LEUPOLD
United States Magistrate Judge

AFFIDAVIT OF SPECIAL AGENT JOHN KEWLEY - 13
USAO # 2023R01225

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

USA-00002644

# ATTACHMENT A

## Property to Be Searched

The property to be searched is all information about the location of the vehicle bearing Washington license plate CEW1877 and Vehicle Identification Number (VIN) JTENU5JR5P6102885 (the "Target Vehicle"), including information about the location of the Target Vehicle that can be obtained remotely through telematics services that are in the possession of, custody of, control of, or accessible to Toyota of Puyallup.

Attachment A -- PAGE 1
USAO # 2023R01225

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

USA-00002645

# ATTACHMENT B

## Particular Things to be Seized

**I. Information to be Disclosed**

All information about the location of the Target Vehicle described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Vehicle" includes all available GPS data, latitude-longitude data, cell site data, and other precise location information regarding the vehicle described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession of, custody of, or control of, or is otherwise remotely accessible to, Toyota of Puyallup, Toyota of Puyallup is required to disclose the Location Information to the government. In addition, Toyota of Puyallup must provide any assistance necessary to accomplish the collection of Location Information timely, securely, and unobtrusively, including by initiating a signal to determine the location of the Target Vehicle at such intervals and times directed by the government. The government shall compensate Toyota of Puyallup for reasonable expenses incurred in furnishing such assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**II. Information to Be Seized by the Government**

Law enforcement personnel (including, in addition to law enforcement officers and agents: attorneys for the government, attorney support staff, agency personnel assisting in this investigation, and outside technical experts under government control) are authorized to review records provided by Toyota of Puyallup to locate all information described above in Section I that constitutes evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846 (distribution of and possession with intent to

Attachment B -- PAGE 1

USAO # 2023R01225

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

distribute controlled substances, attempt and conspiracy) involving Justin Carnes and co-conspirators, known and unknown.

Attachment B -- PAGE 2
USAO # 2023R01225

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

USA-00002647